**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY COBAI,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 24-4252

D.C. No.
3:23-cv-01631-JD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Gregory Cobai appeals pro se from the district court's judgment dismissing

for lack of jurisdiction his action challenging Internal Revenue Service ("IRS") tax

collection efforts and seeking a tax refund. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Libitzky v. United States*, 110 F.4th 1166, 1171 (9th

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2024) (dismissal as barred by the applicable statute of limitations); *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 537 (9th Cir. 2019) (dismissal for failure to exhaust). We affirm.

The district court properly dismissed Cobai's tax refund claim because Cobai failed to allege facts sufficient to show that he exhausted his administrative remedies. *See* 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2(b)(1) (requiring taxpayer to specify to the Commissioner each ground for which a refund is claimed, verified by a written declaration that the claim is made under the penalties of perjury); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) (noting exhaustion requirement is a jurisdictional prerequisite to filing lawsuit). Contrary to Cobai's contention, the IRS did not waive compliance with the regulation's specificity requirement. *See Quarty v. United States*, 170 F.3d 961, 973 (9th Cir. 1999) (holding courts may deem the government to have waived taxpayer's compliance with the regulations' specificity requirement only upon "unmistakable" showing "that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim" (citation and internal quotation marks omitted)).

The district court properly dismissed Cobai's damages claim because Cobai filed his action beyond the applicable two-year statute of limitations. *See* 26 U.S.C. § 7433(a), (d)(3) (civil action for damages against the United States is taxpayer's

exclusive remedy for unlawful tax collection; such action may be brought "only within [two] years after the date the right of action accrues"); *Libitzky*, 110 F.4th at 1171 (recognizing limitations period under tax code as jurisdictional). Contrary to Cobai's contention, his damages claim was not dependent on the IRS's response to his claim. *See* 26 U.S.C. § 7433(a); 26 C.F.R. § 301.7433-1(g)(2) (a cause of action under § 7433 accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action").

**AFFIRMED.**